IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELVIN P. CARTER, #224404, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-47-WKW |
| ) | [WO] |
| WARDEN JONES, et al., ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action in which he sought to challenge the constitutionality of various actions which occurred during a prior term of incarceration at the Bullock Correctional Facility. Doc. 1. After reviewing the complaint and due to several deficiencies in this pleading, the undersigned deemed it necessary that Plaintiff file an amended complaint and entered an order providing him an opportunity to do so. Doc. 7. This order explained the deficiencies in detail and set forth clear instructions with respect to filing the amended complaint. Doc. 7 at 2–5. The order also specifically cautioned Plaintiff that his failure to file an amended complaint in compliance with its directives would result in a Recommendation that this case be dismissed. Doc. 7 at 6. Plaintiff failed to file an amended complaint within the time required by the order.

Based on the foregoing, the court entered an additional order directing "that on or before May 14, 2021 Plaintiff shall (i) show cause why he has failed to file an amended complaint as ordered by this court (Doc. 7), **and** (ii) file the necessary amended complaint." Doc.

9. This order again cautioned Plaintiff "that if he fails to comply with the directives of the orders entered in this case the Magistrate Judge will, without further notice to Plaintiff, recommend that this case be dismissed without prejudice for his failure to file the amended complaint." Doc. 9.

As of the present date, the time allowed Plaintiff to file the requisite amended complaint has expired and he has failed to show cause for this failure or to file an amended complaint as ordered by the court, both of which indicate a lack of interest in the continued prosecution of this action. This case cannot proceed without Plaintiff's participation. Under these circumstances, the undersigned finds that lesser sanctions than dismissal are not appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Thus, this case is due to be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of*

*Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket[,]" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file an amended complaint as ordered by this court.

On or before **June 17, 2021**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not

challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of June, 2021.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE